UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PAUL NICOLETTI,

                    Petitioner,                        Case No. 1:24-cv-12961

v.                                          Honorable Thomas L. Ludington
                                            United States District Judge

CHERRY HILL COMMITMENT
TREATMENT CENTER AND
CHERRY STREET SERVICES, INC.,

                    Respondents.

_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
AS MOOT**

Petitioner Paul Nicoletti was an attorney who owned a title company that conspired to defraud a mortgage broker by using straw buyers and fraudulent documents to obtain sham mortgages. *United States v. Nicoletti*, 849 F. App'x 574, 576–77 (6th Cir. 2021). As a result, a jury convicted Petitioner of one count of conspiring to commit bank fraud under 18 U.S.C. § 1349 and three counts of aiding and abetting bank fraud under 18 U.S.C. § 1344(2). *United States v. Nicoletti*, No. 15-20382, 2019 WL 5068527, at *1 (E.D. Mich. Oct. 9, 2019). Petitioner was sentenced to 70 months of imprisonment, followed by two years of supervised release. *See Nicoletti*, 849 F. App'x at 577.

On November 7, 2024, Petitioner filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. Petitioner claims that the Federal Bureau of Prisons (BOP) refused to apply time credits that he earned under the First Step Act (FSA) to release him to home confinement. *Id.* at PageID.2. But since filing his Petition, Petitioner has been released from prison

and is on supervised release. *See* FED. BUREAU OF PRISONS, *Inmate Search*, https://www.bop.gov /inmateloc/ (search by register number 55819-039) (last accessed Oct. 13, 2025).[1]

Article III, § 2 of the Constitution confines the judicial power of the federal courts to actual "cases" and "controversies." That limitation requires a litigant to demonstrate an injury that is concrete, traceable to the challenged conduct, and capable of redress through a judicial remedy. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). In the habeas context, that principle carries force. Indeed, if issuing a writ of habeas corpus would neither shorten the petitioner's custody nor yield any collateral consequences, then no live controversy remains for the court to resolve—the case is thus moot. *See Demis*, 558 F.3d at 513. That is, the petitioner can no longer present a justiciable case or controversy within the meaning of Article III. *Id.*

Here, Petitioner's release from BOP custody moots his Petition and deprives this Court of the authority to resolve it. Because Petitioner has been released, habeas relief would not shorten his custody. And First Step Act time credits—the relief Petitioner seeks—may not be used to reduce the terms of supervised release. *Hargrove v. Healy*, — F.4th —, 2025 WL 2612003, *5–9 (6th Sept. 10, 2025). So Petitioner's release from custody "makes it impossible for [this Court] to grant any effectual relief." *Id.* As a result, his Petition, ECF No. 1, will be dismissed as moot.

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DISMISSED AS MOOT.**

**This is a final order and closes this case.**

Dated: October 15, 2025                                     s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge

---

[1] Courts are "permitted to take judicial notice of information on the Inmate Locator Service." *Demis v. Sniezek*, 558 F.3d 508, 513, n.2 (6th Cir. 2009) (quotation omitted).